UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERIE SAFAPOU,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARIN COUNTY OF CALIFORNIA, CLERK OF COURT, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-04603-JST<br><br>**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>Re: ECF No. 1 |

　　　　Plaintiff Cherie Safapou has applied for the issuance of a temporary restraining order and preliminary injunction. The Court will deny the application.

　　　　Dr. Safapou's application stems from her dissatisfaction with the outcome of a child custody proceeding in the Marin County Superior Court, which issued a restraining order against her and in favor of her ex-husband, Moosy Doroodian.[1] Dr. Safapou requests that this Court enjoin the Marin County Superior Court from enforcing its own order; enjoin that court from imposing any "sanctions, fines, or costs" against Dr. Safapou; grant Dr. Safapou unsupervised visitation with her minor son or, preferably, primary custody; and restrain Mr. Doroodian from "filing more false and fabricated petitions, complaints and false reports in any venue and restrain him from interfering in the life and relationship of Dr. Safapou" and the couple's minor son. ECF No. 1 at 11–12.

　　　　This district has enacted Civil Local Rule 65-1 to govern requests for, and issuance of, temporary restraining orders. That rule states, in part:

---

[1] The couple's minor son was also named as a protected party in the restraining order.

>   (a) Documentation Required. An *ex parte* motion for a temporary restraining order must be accompanied by:
>
>>   (1) A copy of the complaint;
>>
>>   (2) A separate memorandum of points and authorities in support of the motion;
>>
>>   (3) The proposed temporary restraining order; and
>>
>>   (4) Such other documents in support of the motion which the party wishes the Court to consider.
>
>   (b) Notice to Opposition of Ex Parte Motion. Unless relieved by order of a Judge for good cause shown, on or before the day of an *ex parte* motion for a temporary restraining order, counsel applying for the temporary restraining order must deliver notice of such motion to opposing counsel or party.

Local Civil Rule 65-1(a) & (b). Dr. Safapou's application is not accompanied by a separate complaint[2] or a proposed temporary restraining order, and appears not to have been served on the Defendants. Therefore, pursuant to Rule 65-1, the application is not properly before the Court.

Even if the Plaintiff were to cure these deficiencies in her application, however, the Court still could not consider it, because this Court has no authority to interfere in an ongoing state court proceeding. The federal Anti-Injunction Act, which controls here, provides as follows:

>   A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283. The United States Supreme Court has emphasized that the Act "is an absolute prohibition against enjoining state proceedings, unless the injunction falls within one of [the] three specifically defined exceptions" to the Act. Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 286 (1970).

In her application, Dr. Safapou states that "my case belongs in federal court under federal question jurisdiction because it is about federal laws or rights such as Title 18, U.S.C. Section 241 Conspiracy Against Rights; and section 242 deprivation of Rights Under Color of Law and others." ECF No. 1 at 2. Nowhere, however, does she provide any basis for the Court to conclude

---

[2] Her application does use the word "complaint" on the front page, but in any event the document cannot be both a TRO application and a complaint simultaneously.

2

that one of the three exceptions in the Anti-Injunction Act applies here.  And although she names her ex-husband individually as a defendant, the Court has no authority to grant relief as to him either, since an attempt to enjoin an individual's participation in litigation is just as prohibited by the Act as an attempt to enjoin the state court itself.  See Gloucester Marine Rys. Corp. v. Charles Parisi, Inc., 848 F.2d 12, 15 (1st Cir. 1988) (reversing district court's grant of injunction against an individual's enforcement of a state court judgment).

For the foregoing reasons, Plaintiff's application is denied, and the case is dismissed.  Her remedies, if any, lie in the state courts.  The clerk will close the file.

IT IS SO ORDERED.

Dated: October 7, 2015

_____
JON S. TIGAR
United States District Judge